**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

RICKY LEE SMITH,                                                                                              PLAINTIFF

V.                                    No. 2:10-cv-00187-JMM-JJV

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                                                         DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

     2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Pending before the Court is the Social Security Administration's (SSA) Motion to Dismiss. (Doc. No. 6). For the following reasons, the Court recommends that the SSA's Motion be GRANTED.

## I.   BACKGROUND

On September 29, 2008, Mr. Smith filed an application for Supplemental Security Income alleging a disability beginning on December 15, 2003. (Doc. No. 6-1, Ex. 1). His claim was denied and he filed a written request for a hearing on February 14, 2009. (*Id.*). Mr. Smith was given a hearing on February 24, 2010. (*Id.*).

On April 19, 2010, an Administrative Law Judge (ALJ) issued a decision denying Mr. Smith's claim, finding that he "is not disabled under section 1614(a)(3)(A) of the Social Security Act. " (*Id.*). Mr. Smith and his attorney, Phillip Allen, were advised by the SSA that Mr. Smith had

sixty (60) days to file a written appeal and have the decision reviewed by the Appeals Council. (*Id*.). Mr. Smith properly and timely appealed the decision.

On August 27, 2010, the Appeals Council denied Mr. Smith's request for review and rendered the Administrative Law Judge's decision as the "final decision of the Commission of Social Security" in his case. (Doc. No. 6-1, Ex. 2). In its Notice of Appeals Council Action, the Appeal Council notified Mr. Smith and Mr. Allen, that Mr. Smith had sixty (60) days to file a civil action in the United States District Court seeking review of its decision. (*Id*.).

Mr. Smith, through his counsel, filed a Complaint in the United States District Court for the Eastern District of Arkansas on November 22, 2010. (Doc. No. 2). On February 8, 2011, the SSA filed a Motion to Dismiss (Doc. No. 6) arguing that Mr. Smith's Complaint should be dismissed because it was filed more than sixty (60) days after receipt of the final decision of the Commissioner. The SSA further contends that Mr. Smith is not entitled to equitable tolling.

Mr. Smith filed a Response (Doc. No. 7) to the Motion to Dismiss stating that his counsel did not receive a copy of the Notice of Appeals Council Action and that because the lawsuit was only filed twenty-two (22) days after the sixty (60) day deadline, there is no prejudice to the SSA as to the late filing.

**II.    DISCUSSION**

Title 42 United States Code Section 405(g) provides that:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); see also 20 C.F.R. 422.210(c) (requiring that a civil action must be instituted within sixty days after the Appeals Council's "notice of denial of request for review of the presiding

officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause"). Per the regulations, a claimant is presumed to have received notice of a denial of request for review five days after the date of notice, "unless there is a reasonable showing to the contrary." 20 C.F.R. 422.210(c). Receipt of notice "by either the individual or the individual's attorney, whichever occurs first, triggers the sixty day limitations period." *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003). Absent equitable tolling circumstances, failure to adhere to the sixty day limitations period warrants dismissal. *Id.*

In this case, Mr. Smith does not dispute that his Complaint was filed after the sixty (60) day deadline.[1] Instead, Mr. Smith argues that he is entitled equitable tolling. As justification for equitable tolling, Mr. Smith states his memory was impaired by a stroke he suffered in June 2009. (Doc. No. 7-1). Furthermore, Mr. Smith states that he did not tell his attorney about the Notice of Appeals Council Action until November of 2010, because his mother failed to provide him with the Notice in a timely manner. *Id.* Mr. Smith also reports his attorney did not receive a copy of the notice. *Id.*

The Court is sensitive to the circumstances advanced by Mr. Smith, but finds they do not warrant equitable tolling. See *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir 1994) (equitable tolling permissible in "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." However, the Court has "been much less forgiving in receiving late filings where the claimant failed to exercise

---

[1]Mr. Smith says it was filed twenty-two (22) days after the sixty (60) day deadline. The Court calculates that he filed it twenty-seven (27) days after the sixty (60) day deadline.

due diligence in preserving his legal rights"); *Harris v. Chater*, No. 95-1013, 1995 WL 620015, *1 (8th Cir. Oct. 24, 1995) (per curiam) (finding no justification for equitable tolling when the filing is late as the result of "garden variety" excusable neglect).

Through the fault of himself and his mother, Mr. Smith did not contact his attorney instructing him to file a complaint. It was not until November 2010, that Mr. Smith began pursuing his rights. Furthermore, while Mr. Smith states his attorney did not receive the Notice of Appeals Council Action, the Notice clearly states that his counsel was carbon copied and the Notice sent to him at P.O. Box 2602, West Helena, Arkansas, 72390.[2] Because Mr. Smith failed to exercise due diligence in preserving his legal rights, the Court recommends that the SSA's Motion to Dismiss be GRANTED.

## III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that:

1. Defendant's Motion to Dismiss (Doc. No. 6) be GRANTED, and the requested relief be DENIED; and

2. All other pending motions should be denied as moot.

DATED this 30th day of March, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] This address is the same as the address reflected in the docket sheet for Mr. Allen in this case.